| | |
|---|---|
| **WO** | KM |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Steven Ho, ) No. CV 11-904-PHX-GMS (MEA)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Benjamin Griego, et al., )
)
    Defendants. )
)

On May 5, 2011, Plaintiff Steven Ho, who is confined in the Corrections Corporation of America-Saguaro Correctional Center (CCA-SCC), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 18, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 15, 2011, Plaintiff filed his First Amended Complaint. On June 23, 2011, Plaintiff filed another "First Amended Complaint," which the Court will construe as a Second Amended Complaint (Doc. 10). The Court will dismiss the Second Amended Complaint and this action.

Also pending before the Court are Plaintiff's June 15, 2011 and June 21, 2011 Motions for Extension Time (Docs. 7 and 9), and Plaintiff's June 23, 2011 Application to Proceed *In Forma Pauperis* (Doc. 11). The Court will deny these Motions.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . .

## II. Second Amended Complaint

A second amended complaint supercedes the original and first amended complaints. All causes of action alleged in an original complaint or first amended complaint which are not alleged in a second amended complaint are waived and defendants named in an original complaint or first amended complaint who are not named in a second amended complaint are dismissed. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Second Amended Complaint with respect to only those defendants named in the Second Amended Complaint.

In his one-count Second Amended Complaint, Plaintiff sues the following Defendants: Assistant Warden Ben Griego; N-Unit Manager Timothy Dobson; Chief of Security Marco Lopez; and Warden Todd Thomas.

Plaintiff alleges that he was convicted of a disciplinary violation without due process. Plaintiff alleges that as a result of the conviction, he was placed in an 18-month "SHIP" program and denied parole.

Plaintiff seeks money damages and injunctive relief.

## III. Failure to State a Claim

"[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002). In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits or early release, the claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been previously invalidated. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck, 512 U.S. at 486-87; Nonnette, 316 F.3d at 875. See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target

of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff's claim, if decided in his favor, would either invalidate or imply the invalidity of the denial of parole. Because Plaintiff has not demonstrated that his prison disciplinary proceeding has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, his claim is barred by Heck. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1996) (holding that because plaintiff's § 1983 claim "necessarily implicates the validity of the denial of parole, and therefore, the prisoner's continuing confinement," his "claim for damages amounts to a collateral attack on his denial of parole and subsequent incarceration. Heck does not permit this."). The Court will therefore dismiss the Second Amended Complaint for failure to state a claim.

**IV. Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

The Court finds that Plaintiff's claims cannot be cured by further amendment. The Court will therefore dismiss Plaintiff's Second Amended Complaint without leave to amend.

**V. Motions**

Plaintiff has filed two "Motions for Extension of Time" in which he requests additional time to file a Motion for Preliminary Injunction. Because the Court will dismiss this action, the Court will deny the Motions for Extension of Time.

With respect to Plaintiff's June 23, 2011 Application to Proceed *In Forma Pauperis*,

Plaintiff has already been granted *in forma pauperis* status. The Court will therefore deny the June 23rd Application as moot.

**IT IS ORDERED:**

(1) Plaintiff's June 15, 2011 ad June 21, 2011 Motions for Extension of Time (Docs. 7 and 9) are **denied**.

(2) Plaintiff's June 23, 2011 Application to Proceed *In Forma Pauperis* (Doc. 11) is **denied** as moot.

(3) Plaintiff's Second Amended Complaint (Doc. 10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 6th day of July, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge